MULLANEY, Commissioner of Taxation Territory of Alaska, v. HESS et al.

No. 12675.

United States Court of Appeals Ninth Circuit.

May 10, 1951.

J. Gerald Williams, Atty. Gen. of Alaska, John H. Dimond, Asst. Atty. Gen., for appellant.

H. L. Faulkner, Faulkner, Banfield & Boochever, Juneau, Alaska, Medley & Haugland, Seattle, Wash., Collins & Clasby, Fairbanks, Alaska, for appellees.

Before HEALY, BONE and ORR, Circuit Judges.

BONE, Circuit Judge.

This action was commenced by appellee, Luther Hess who is a resident of the Territory of Alaska against M. P. Mullaney, Commissioner of Taxation for the Territory of Alaska, the City of Fairbanks and the Fairbanks School District and William Liese, Tax Assessor for the Fourth Judicial Division of Alaska. Hess sought (among other matters) a permanent injunction restraining the

collection of the tax imposed upon property of Hess by the Alaska Property Tax Act, Chapter 10 of the Session Laws of 1949[1] as amended by Chapter 88 of the Session Laws of Alaska, 1949, (herein referred to as the act) and a decree declaring the said act null and void. Hess is owner of certain real and personal property within the Fourth Judicial Division of Alaska and within three taxing units thereof; the City of Fairbanks, the Fairbanks School District and certain property outside the City and School District but within the Fourth Judicial Division.

Appellee and intervenor below, Alaska Juneau Gold Mining Company (hereinafter referred to as intervenor) is a West Virginia Corporation, licensed to do business in Alaska. This intervenor sought the same relief as Hess. Its property is located within the First Judicial Division and in five taxing units thereof, namely, the City of Douglass, the Douglass Independent School District, the City of Juneau, the Juneau Independent School District and elsewhere in the First Judicial Division not included within any municipality or school district.

Several grounds of invalidity of the Act were urged by appellees principally lack of uniformity as required by Section 9 of the Organic Act of Alaska, as amended.[2] The lower court held the entire Act invalid except that part of the Act referred to as Chapter 88 which relates to boats, and made permanent a temporary injunction restraining the defendant Mullaney, and his officers and agents from collecting taxes levied under the Act. The court concluded that no cause of action was stated against the defendants other than M. P. Mullaney and dismissed the action as to them.[3]

Two questions are presented on this appeal: (1) whether the Act is a valid exercise of the taxing authority of the Territory, and (2) whether an injunction should have been granted enjoining enforcement of the provisions of the Act.

We need not discuss the first question presented for we are of the opinion that the judgment enjoining collection of the tax must be reversed upon the ground that appellees have an adequate remedy at law. Section 48–7–1, Alaska Compiled Laws Annotated, provides: "(a) *(Tax paid under protest.)* Whenever any taxes shall have been paid to the Tax Commissioner under protest and such taxes shall have been covered into the treasury, and the taxpayer or taxpayers involved have recovered judgment against the Tax Commissioner for the return of such tax, or where, in absence of such judgment it shall become obvious to the Tax Commissioner, that such taxpayer would obtain judgment against the Tax Commissioner for recovery of such tax if legal proceedings therefor were prosecuted by him, it shall be the duty of the Tax Commissioner, if approved by the Attorney General and the Treasurer, to issue a voucher against the general fund of the Territory for the amount of such tax in favor of such taxpayer."

Appellees join in urging several grounds to support the conclusion of the lower court that the claimed remedy at law is inadequate. The first is that the law remedy is discretionary since the duty of the Tax Commissioner is to issue a voucher

1. Chapter 10 provides, inter alia, for the levy of a tax upon all the real property and improvements and all the personal property in the Territory at the rate of one per centum of the true and full value thereof. There is a special provision for unpatented mining claims and nonproducing patented mining claims. Section 3 of the Act provides, in substance, that the tax levied upon property within the limits of an incorporated city or town, independent school district or incorporated school district in the Territory of Alaska shall be assessed, collected and enforced in the manner prescribed by the property tax law of the municipality or district. Section 5 in substance provides that taxes levied upon property outside such districts shall be assessed, collected and enforced in the manner provided in the Act. Chapter 88 is an amendment to section 3 levying a tax on boats.

2. Title 48 U.S.C.A. § 78, amended June 3, 1948.

3. The trial court's opinion appears in 91 F.Supp. 139.

420

only if the Attorney General and the Treasurer might be pleased to approve its issuance. This contention is without merit. Where the public interest or private right requires that a thing be done permissive language is generally construed as being mandatory.[4] Here the purpose of the statute is to refund taxes unlawfully collected and we think that it becomes the duty of the Attorney General and the Treasurer to approve the issuance of a voucher to the protesting taxpayer if the requirements of the statute have been fully met. We cannot presume that these public officials will act arbitrarily in the discharge of that duty.[5]

The lower court found that this statute, 48–7–1, would not afford any remedy at law to the appellees. Appellees here contend that even if this statute constituted a remedy at law it would not apply to taxes paid in accordance with the Act within municipalities, school and public utility districts, for as to all of these there is no provision in the law of Alaska applicable thereto which permits the payment of taxes under protest, or recovery under any circumstances. This, however, need not concern us here, for as the case stands before us the only defendant remaining in the case was the Tax Commissioner (with his agents), and if the remedy at law is adequate as to taxes paid to him, equity jurisdiction may not be invoked. The court below dismissed the action as to the other defendants, concluding that no cause of action had been stated against them. This conclusion is supported by the findings that none of the above referred to municipalities, or school and utility districts involved, except one, provided by ordinance or otherwise for the collection of the tax levied under the Act. That one exception was a school district (Juneau Independent School District) which did levy a tax under the Act which intervenor voluntarily paid. This tax was a tax on its boats which were assessed (under intervenor's "election") on a tonnage basis. As to defendants other than appellant the court was clearly correct in dismissing the action and if a remedy at law against the Tax Commissioner is adequate, the judgment must be reversed.

■ Appellees pose a question as to the adequacy of the remedy relating to the question of interest. Section 48–7–1, supra, is silent so far as any provision for interest on tax refunds is concerned and it is contended that this omission makes the remedy inadequate. It has been decided by this court and others that where a statute or a court decision *expressly prohibits* interest on tax refunds the remedy at law is inadequate,[6] so the narrow question that confronts us here is whether the same rule as to inadequacy ought to prevail where the statute and decisions are silent as to an allowance of interest.

■ The answer therefore turns on whether or not interest may be allowed on tax refunds in absence of statutory authority for such an allowance. Section 48–7–1, supra, provides for judgment against the Tax Commissioner and not the Territory itself, a factor which has received consideration in many of the cases dealing with this problem. We think that the weight of authority is that interest is recoverable on tax refunds in absence of express statutory authority therefor.[7] The reasoning of these cases is in harmony with the modern view they express. The

4. Hayes v. Los Angeles County, 99 Cal. 74, 33 P. 766; See also Stewart Law & Collection Co. v. Alameda County, 142 Cal. 660, 76 P. 481; Malone v. Van Etten, 67 Idaho 294, 178 P.2d 382, 385; Crowley v. Board of Supervisors of Los Angeles County, 88 Cal.App.2d 988, 200 P.2d 107, 111.

5. Michigan Central R. R. Co. v. Powers, 201 U.S. 245, 26 S.Ct. 459, 50 L.Ed. 744.

6. Procter & Gamble Distributing Co. v. Sherman, D.C., 2 F.2d 165; Southern California Telephone Co. v. Hopkins, 9 Cir., 13 F.2d 814; Hopkins v. Southern California Telephone Co., 275 U.S. 393, 48 S.Ct. 180, 72 L.Ed. 329; Nutt v. Ellerbe et al., D.C., 56 F.2d 1058, 1062, 1063.

7. Schlesinger v. State, 195 Wis. 366, 218 N.W. 440, 57 A.L.R. 357, 76 A.L.R. 1012, Hahne Realty Corporation v. City of Newark, 119 N.J.L. 12, 194 A. 191, 112 A.L.R. 1183, 57 Am.Jur. section 1172.

cases of United States v. Nez Perce County Idaho, 9 Cir., 95 F.2d 232 and Board of Commissioners of Jackson County v. United States, 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313, relied on by the trial court are not decisive. This court in its original opinion in the Nez Perce case relied on the doctrine of the immunity of the sovereign.[8] The Supreme Court in Board of Commissioners of Jackson County v. United States, supra, suggested that an allowance of interest might be proper in response to "considerations of fairness."

Since in our view the remedy at law available to appellees is adequate it is unnecessary to discuss the questions of irreparable injury and a cloud upon the title to appellees' property. The argument by appellees on these points presupposes that the remedy at law is inadequate.

The remaining contention is that equitable relief was necessary to prevent a multiplicity of suits. This contention is based on the fact that appellee Hess owns property located in three taxing units and the intervenor owns property located in five; that each of these units has a different method of assessment, collection and enforcement and that this would necessitate a multiplicity of suits by appellees. The answer to this contention is that none of the municipalities or school districts have attempted to assess or collect a tax under the Act except in one instance already mentioned in which case the tax (on boats) was voluntarily paid. According to the findings and conclusions of the lower court the only instance where appellees have been injured by the tax is the assessment by the Tax Commissioner.

It is said that since the law continues on the books it poses a threat of attempted enforcement in the future by the municipalities and school districts even though they made no attempt to do so in 1949. We are unable to see how the present injunctive relief granted by the lower court would be any more effective to prevent such threatened future enforcement by the cities and school districts than an action at law against the Commissioner. It must be remembered that the decree of the lower court restrains only the Tax Commissioner of the Territory and not the municipalities or school districts.

 It is our opinion that a multiplicity of suits will not be necessary. There is only one Act which is asserted here to be invalid, though several different governmental units are charged with its enforcement within their area. If appellees were to pay under protest to the Tax Commissioner the taxes assessed on property outside the municipalities and school districts and then bring an action at law against the Tax Commissioner to secure a refund, we think that the determination of the court in that action would settle the matter completely. We will not assume that, if appellees were successful in such an action in having the Act invalidated, the municipalities and school districts would, notwithstanding such judgment of invalidity thereafter attempt to assess and collect a tax under the Act.

The judgment is reversed with directions to dismiss the action.

---

8. In the court's opinion on petition for rehearing, 95 F.2d 238, the claim for interest was rejected on equitable grounds.