STATE of Alaska, Appellant,

v.

AMERICAN CAN COMPANY et al.,
Appellee.

STATE of Alaska, Appellant,

v.

LIBBY, McNEILL & LIBBY, INC., Appellee.

No. 75.

Supreme Court of Alaska.

May 23, 1961.

Ralph E. Moody and James N. Wanamaker, Juneau, for appellant.

Faulkner, Banfield, Boochever & Doogan by H. L. Faulkner, Juneau, for American Can Co.

Robertson, Monagle, Eastaugh & Annis, by Robert J. Annis, Juneau, for Libby, McNeill & Libby, Inc.

Before NESBETT, C. J., and AREND, J., and WALSH, Superior Court Judge.

WALTER E. WALSH, Judge.

The Alaska Property Tax Act[1] was passed and approved February 21, 1949. It levied a tax of one per cent per annum on all real and personal property in Alaska. The act was in effect for the calendar years of 1949–50–51–52. It was repealed on the 12th day of March 1953.[2] Various phases

1. S.L.A.1949, ch. 10.

2. S.L.A.1953, ch. 22.

of the Alaska Property Tax Act have been the subject of litigation for many years.[3]

This case is not without its days in court. A brief recital of its history provides a better understanding of the issues.

On April 9, 1955, the Territory Attorney General filed this and several other claims, all personal actions, for the collection of real and personal property taxes assessed under the provisions of the Alaska Property Tax Act, and for the interest thereon. Motions to dismiss were filed by defendants and sustained by the district court holding the tax fell with the repeal of the act and a personal action would not lie for the collection of the tax.[4] The court of appeals sustained the district court on the ground the tax fell with the repeal.[5] On certiorari to the United States Supreme Court it was held that the tax survived the repeal.[6] Upon remand, the court of appeals then held a personal action for the personal property tax could be maintained, but the real property tax could be collected only by lien foreclosure proceedings against the property. It declined to rule on the statute of limitations because the district court had not considered that issue.[7]

Pursuant to this ruling, amended complaints were filed on November 19, 1959 for the collection of the personal property tax and for interest. Defendants moved to dismiss and to strike all claims for interest contending the alleged interest was, in fact, a penalty for delinquency, and since the action was filed more than two years after the cause of action accrued, it was barred by the statute of limitations.[8]

At the hearing, defendants abandoned their attack upon the tax itself and advised that the principal of the tax would be paid. The principal of the tax has since been paid to the state.

The court below sustained defendant's motion to strike, holding that the interest required under the tax act was, in fact, a penalty and that, therefore, the claim for it was barred by the statute of limitations.[9] Summary judgment was then entered for the defendants and the state has appealed the cases against the appellees herein. The questions of law involved are identical and we have consolidated the cases.

The question in this case, as we view it, is whether the "interest" required under section 35(a) is a "penalty" within the meaning of the two-year statute of limitations.

The words "interest" or "penalty", while not included in the definitions, are used in the summary preceding the act,[10] in section 2(l),[11] section 30, section 32, section 34, and

3. Hess v. Mullaney, D.C.D.Alaska 1950, 91 F.Supp. 139, 12 Alaska 696, reversed 9 Cir., 1951, 189 F.2d 417, 13 Alaska 276; Hess v. Mullaney, D.C.D.Alaska 1952, 102 F.Supp. 430, 13 Alaska 564, affirmed 9 Cir., 1954, 213 F.2d 635, 15 Alaska 40, certiorari denied 1954, Hess v. Dewey, 348 U.S. 836, 75 S.Ct. 50, 99 L. Ed. 659, 15 Alaska 221.

4. Territory of Alaska v. American Can Co., D.C.D.Alaska 1956, 137 F.Supp. 181, 16 Alaska 71.

5. Territory of Alaska v. American Can Co., 9 Cir., 1957, 246 F.2d 493, 17 Alaska 280.

6. Territory of Alaska v. American Can Co., 1959, 358 U.S. 224, 79 S.Ct. 274, 3 L.Ed.2d 257.

7. Territory of Alaska v. American Can Co., 9 Cir., 1959, 269 F.2d 471.

8. Section 55-2-7 A.C.L.A.1949 provides: "Within two years— * * * Second. An action upon a statute for a forfeiture or penalty to the United States or the Territory of Alaska * * *."

9. Note 8 supra.

10. "Levying a tax on property in Alaska; providing for collection thereof, and allowing certain exemptions; defining offenses and prescribing penalties; and declaring an emergency."

11. Section 2(l) provides: "The words 'tax lien' embrace liens for penalties, interest and costs as well as for unpaid taxes".

section 35;[12] and sections 36 to 40 inclusive, deal with violations and penalties.[13]

The state seeks to collect interest for delinquent payment. It contends the manifest intention of the legislature, by the last provision of section 35(a)—"but not to exceed the legal rate of interest in the aggregate", was to enact an interest charge, limit the

12. "Section 30. Collection Unaffected By Appeal. Neither the giving of a notice of appeal by any taxpayer, nor any delay in the hearing of the appeal by the Board shall in any way affect the due date, the delinquency date, the interest, or any liability for payment provided by this Act in respect of any tax which is the subject matter of the appeal. In the event of the tax being set aside or reduced by the Board on appeal, the Tax Commissioner shall refund to the taxpayer the amount of the tax or excess tax paid by him, and of any interest imposed and paid on any such tax or excess.

"Section 32. Time Of Payment. Taxes for a calendar year shall be payable annually the first day of February of the ensuing year. Failure to pay on said due date shall cause the tax to become delinquent and shall subject the property assessed to the interest and penalty additions hereinafter provided. Payments of taxes may be made at any time before their due date, but no discount shall be allowed for such early payment. * * *

"Section 34. Lien.

"(a) The taxes assessed upon property, together with interest and penalty, shall be a lien thereon from and after assessment until paid, and no sale or transfer of such property shall in any way affect the lien of such taxes.

"(b) Liens for taxes hereunder shall be first liens and paramount to all prior and subsequent encumbrances, alienations and descents of the property.

"Section 35. Interest.

"(a) For failure to pay taxes when due, interest inclusive of penalty at the rate of one percent per month shall be added on the first of each month until the tax is paid or the property sold hereunder, but not to exceed the legal rate of interest in the aggregate.

"(b) Where a tax becomes payable in respect to property assessed on a supplementary assessment roll, the like interest shall be added to and recovered as a part of the tax as might have been imposed if the return and the assessment had been made at the time prescribed by this Act and the tax had been duly levied and had not been paid."

13. "Section 36. Failure Or Refusal To Comply With Act. Every person who, without reasonable excuse, in violation of any provision of this Act or of the regulations made thereunder—

"(a) refuses or fails to make any return required to be made; or,

"(b) in the making of any return, or otherwise, wilfully withholds any information necessary for ascertaining the true taxable amount of any property; or,

"(c) refuses or fails to furnish to the assessor or his employee or agent any access, facility, or assistance required for the purpose of an entry on or examination of property or records; or,

"(d) refuses or fails to attend or submit himself to examination on oath or otherwise by the assessor, the Board or the Tax Commissioner when duly cited so to do;—shall, in addition to penalties otherwise prescribed herein, be guilty of an offense against this Act.

"Section 37. False Returns And Records. Every person who knowingly and wilfully makes any false or deceptive statement in any return required to be made under this Act, or fraudulently omits to give therein a full and correct statement of the property of the taxpayer, or makes or keeps any false entry or record in any book of account or record required to be kept under this Act, shall be liable, on conviction, to a fine of not less than One Hundred Dollars and not more than One Thousand Dollars.

"Section 38. Defacing Posted Notices. Every person who, without reasonable excuse, tears down, injures or defaces any advertisement, notice or document which, under the authority of this Act or the regulations made thereunder, is posted in a public place, shall be guilty of an offense against this Act.

"Section 39. Penalty For Offenses. Every person guilty of an offense against this Act for which no other penalty is specifically provided, shall be liable, on conviction, for a first offense to a fine not exceeding Five Hundred Dollars, and for a second or subsequent offense to a fine of not less than One Hundred Dollars and not more than One Thousand Dollars.

"Section 40. Liability Of Corporate Officers, Etc. Every director, manager, secretary or other officer of a corporation or association, and every member of a partnership or syndicate, who knowingly and wilfully authorizes or permits any Act, default, or refusal which would subject the organization to criminal liability

exaction to interest only and exclude penalty, and that the rate of six per cent per annum applies because the last provision of section 35(a), compels a reference to section 25-1-1 A.C.L.A.1949 [14] which provides the legal rate of interest to be six per cent where there is no expressed agreement.

Our ruling on the state's contentions is necessarily one of statutory construction, for which we have a wealth of decisions from other jurisdictions to serve as useful guides. The conclusions reached by the courts vary, depending upon the statutes involved, however, the vast majority of the decisions may be placed in one of three general categories.

The first group we describe as follows:

Federal courts applying principles of equity hold that delinquent taxes due the federal government bear interest at the prevailing legal rate of the locality, although no statute expressly so directs. A very limited number of other jurisdictions follow this principle. In this case, the application of this rule is precluded by the specific legislative enactment in the Alaska Property Tax Act and no contention has been advanced that it should be applied herein. Citations supporting the legal principles involved are, therefore, unnecessary.

The second category, and the one relied upon by the state in this case, embraces a line of decisions where the courts construe the terms "interest" and "penalty" in tax statutes and generally provide that the state has a right to charge interest and penalties on delinquent taxes, and that interest is compensation for delinquency and not a penalty, and distinguish between interest and penalty under the statutes being considered.

These rulings were first applied in cases in bankruptcy. The reasons are obvious. The Bankruptcy Act—one for the determination or cancellation of obligations—by its terms places an indebtedness under the general classification of debts. Taxes are so classified. The Bankruptcy Act permits the allowance of interest on claims for debts but excludes the allowance of penalties.[15] Where local statutes provide for interest and penalties on delinquent taxes the interest is allowed as compensation for the use of money; penalty is denied. The ruling thus established has been extended to other similar situations but all follow the same legal reasoning.

The statutes imposing the exaction in these cases generally provide for interest only [16] or clearly distinguish between what

hereunder, shall be likewise personally guilty of such offense."

14. Section 25-1-1 A.C.L.A.1949 provides: "The rate of interest in the Territory of Alaska shall be six per centum per annum, and no more, on all moneys after the same become due; on judgments and decrees for the payment of money; provided that judgments and decrees hereafter rendered founded on contracts in writing providing for the payment of interest until paid at a specified rate exceeding six per centum per annum, and not exceeding ten per centum per annum, shall bear interest at the rate specified in such contracts, provided that such interest rate is set forth in the judgment or decree; on money received to the use of another and retained beyond a reasonable time without the owner's consent expressed or implied, or on money due upon the settlement of matured accounts from the day the balance is ascertained; on money due or to become due where there is a contract to pay interest and

no rate specified. But on contracts, after passage and approval of this Act, interest at the rate of eight per centum may be charged by express agreement of the parties, and no more."

15. "Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law." 30 Stat. 560 (1898), as amended, 11 U.S.C.A. § 93, sub. j (Supp. 1960).

16. In re Ashland Emery & Corundum Co., D.C.D.Mass.1916, 229 F. 829, 830, the portion of the statute being construed provided: " '* * * If the tax of any company remains unpaid on the first day

is interest and what is penalty. For example, in the leading case of United States v. Childs [17] the United States Supreme Court, discussing the "interest" and "penalty" provisions of an income tax statute,[18] stated:

"The imposition of a tax is certainly a function of government and creates an obligation, and the power that creates the obligation can assign the measure of its delinquency—the detriment of delay in payment, and section 14a has done so in this case, and explicitly done so. Five per centum penalty is the cost of delinquency, and interest upon the amount due at 1 per cent. per month—12 per cent. a year. There is no ambiguity in the declaration nor the distinction made." [19]

"The tax in this case is one on income; a burden imposed for the support of the government. Interest is put upon it and so denominated, distinguished from the 5 per cent. as penalty, clearly intended to compensate the delay in payment of the tax, the detriment of its nonpayment, to be continued during the time of its nonpayment—compensation, not punishment." [20]

The third group of decisions follows the almost universal rule of the state courts, that delinquent taxes do not bear interest as such in the absence of express provisions of a statute imposing such liability,[21] and that interest on delinquent taxes, is, in fact, a penalty.[22] This rule is founded on two fundamental reasons: taxes are not debts in the ordinary sense of contractual obligations [23] and are, therefore, not within the meaning of general interest laws, and as impositions by governmental authorities, taxes do not bear interest except by statutory provision.[24] Thus in State v. Mutual Life Insurance Co.[25] the Supreme Court of Indiana said:

"Taxes levied or imposed by the state are not debts in the ordinary acceptation of that term so as to make them bear interest under the general interest laws of the state."

Admittedly "interest" is often placed upon delinquent taxes by statute, but the character of that "interest" must be care-

of July, after the same becomes due, the same shall thenceforth bear interest at the rate of one per centum for each month until paid.' "

In Priess v. United States, D.C.E.D. Wash.1941, 42 F.Supp. 89, 90, the portion of the statute being construed provided: " 'Interest upon the amount determined as a deficiency shall be assessed at the same time as the deficiency, shall be paid upon notice and demand from the collector, and shall be collected as a part of the tax, at the rate of 6 per centum per annum from the date prescribed for the payment of the tax * * *.' "

17. 1924, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299.

18. The federal act in force when the case was decided provided in part as follows: " '* * * to any sum or sums due and unpaid after the fifteenth day of June in any year, or after one hundred and five days from the date on which the return of income is required to be made by the taxpayer, and after ten days' notice and demand thereof by the collector, there shall be added the sum

of five per centum on the amount of tax unpaid and interest at the rate of one per centum per month upon said tax from the time the same becomes due.' " 266 U.S. at pages 306–307, 45 S.Ct. at page 110, 69 L.Ed. at page 300.

19. Id., 266 U.S. at page 308, 45 S.Ct. at page 111, 69 L.Ed. at page 300.

20. Id., 266 U.S. at pages 309–310, 45 S.Ct. at page 111, 69 L.Ed. at page 301.

21. State v. Mutual Life Ins. Co., 1910, 175 Ind. 59, 93 N.E. 213, 223, 42 L.R.A., N.S., 256; Tukey v. Douglas County, 1938, 133 Neb. 732, 277 N.W. 57.

22. State ex rel. Sparling v. Hitsman, 1935, 99 Mont. 521, 44 P.2d 747; Colby v. City of Medford, 1917, 85 Or. 485, 167 P. 487; Livesay v. DeArmond, 1930, 131 Or. 563, 284 P. 166, 68 A.L.R. 422.

23. Lane County v. State of Oregon, 1869, 7 Wall. 71, 74 U.S. 71, 19 L.Ed. 101; State ex rel. Crutcher v. Koeln, 1933, 332 Mo. 1229, 61 S.W.2d 750.

24. Biles v. Robey, 1934, 43 Ariz. 276, 30 P.2d 841, 845.

25. 1910, 175 Ind. 59, 93 N.E. 213, 223, 42 L.R.A.,N.S., 256.

fully examined. In Livesay v. DeArmond[26] the Supreme Court of Oregon analyzed this problem at length, and concluded while such exactions often are termed "interest", yet the reasons which support them are unlike those upon which ordinary interest charges are founded. It followed an earlier Oregon decision which said the following:

> "[W]hen interest is charged on a delinquent tax, it is not regarded as interest in the sense that it is a consideration for the forbearance of money, but it is deemed to be a penalty; and when interest, so called, is charged, it is sustained on the theory that it is a means to insure prompt payment of the tax, and it is not a part of the tax."[27]

Where such "interest" is collected it is only a means of procedure by the state to speed the collection of the tax—a penalty—an additional sum of money for doing some act which is prohibited or for the omission to do some act required to be done.[28]

The question has been frequently decided and the decisions are almost entirely to the effect that the penalty nature of the exaction cannot be converted by the simple expedient of calling it interest,[29] nor does the manner in which the attempt is made to collect alter its character.[30]

■ The amended complaint claims taxes, plus interest, under the provisions of the Alaska Property Tax Act. No claim is made for penalties. Interest, if allowable, must be imposed under the provisions of section 35(a) of the act as no other statute in Alaska provides for interest on the taxes imposed by the Alaska Property Tax Act. It cannot be granted under section 25–1–1 A.C.L.A.1949, referred to, we believe erroneously, as a "general interest law", but which is not a law prescribing interest on anything. It simply fixes a maximum limit on the rate that may be charged in certain instances.

■ Whether the exaction imposed is interest or penalty, we must determine from the provisions of the act and from well established rules which must be applied. It is fundamental in construing a statute that the intention of the legislature be determined from the words used to express it in the part involved construed with reference to the purpose of the whole instrument. Section 35(a) of the Alaska Property Tax Act reads:

> "For failure to pay taxes when due, interest inclusive of penalty at the rate of one percent per month shall be added on the first of each month until the tax is paid or the property sold hereunder, but not to exceed the legal rate of interest in the aggregate."

It is urged by the appellant that the last phrase of this section, "but not to exceed the legal rate of interest in the aggregate", means a limitation on the rate of interest to the extent that the legislature intended and enacted an exaction of interest only at the rate of six per cent per annum. We do not agree with that contention. The phrase is somewhat inconsistent with the remainder of the section. Apparently what the legislature intended by the phrase "not to exceed the legal rate of interest in the aggregate" was not to exceed the rate of six per cent per annum. While this is not the legal rate of interest, it is the legal limitation on the rate of interest that may be charged in the absence of contract or specific designation.

It will be noted that this levy or exaction is not made in the terms of interest at all for interest is a continuing thing running every hour of the day and night from the date it accrues until paid or extinguished in some manner, while the rate here is one

---

26. 1930, 131 Or. 563, 284 P. 166, 168, 68 A.L.R. 422.

27. Colby v. City of Medford, 1917, 85 Or. 485, 167 P. 487, 500.

28. Shubat v. Glacier County, 1932, 93 Mont. 160, 18 P.2d 614, 615.

29. United States v. La Franca, 1931, 282 U.S. 568, 51 S.Ct. 278, 75 L.Ed. 551.

30. United States v. Chouteau, 1881, 102 U.S. 603, 611, 26 L.Ed. 246, 248.

per cent added on the first of each month with no provision for adding anything at all between the first of one month and the first of another.

The last phrase of section 35(a) is a measure of what is levied in the previous part of the section. In other words, at a rate not to exceed the legal rate of interest. It does not, by any means, impose interest but measures the rate of the "interest inclusive of penalty" set forth in the first portion of the section.

■ Giving effect to the whole section, which we must do under the rules of construction if at all possible, it is our view that the correct interpretation to be placed on this levy is that in case of delinquency one per cent should be added on the first day of March of each year, another one per cent on the first day of April, and so on until six months have expired or the total levies per month have equaled six per cent per annum and that thereafter nothing be levied during the year because of the limitation "not to exceed the legal rate of interest in the aggregate".

Whatever this is, it is certainly not interest because of the manner in which it is levied. Whether we ignore the reference to one per cent per month or ignore the legal rate of interest in the aggregate, we must still concede that whatever is imposed is imposed only on the first of each month. That imposition is measured by a percentage of the tax.

The contention that the last phrase of this section referring to the legal rate of interest means that there is a limitation of six per cent per annum to the rate, is quite inconsistent with the rate levied in the first part of the section which is one per cent per month to be added on the first of each month.

We think it is impossible to construe the last phrase, separated from the remainder of the section by a comma only, as in itself levying interest or penalty at any rate at all.

■ Interest, if any is imposed, is not clearly designated and distinguished in this section. The word "interest" as used here means, under the authorities cited in a case of this kind, a penalty notwithstanding its designation as interest. That is especially so here because the first phrase of this section, "for failure to pay taxes when due", is the keynote and the provision which determines the nature of the imposition, no matter what it is called or how it is expressed.

In our opinion, the exaction in section 35(a) must be construed to be a penalty.

Is this the type of penalty barred by the statute of limitations?

It is contended penalties, as used in the act, refer only to violations involving penal or criminal sanctions as provided by sections 36–40 of the act.

In support of this position, the case of Pinnacle Gold Mining Co. v. People [31] is cited. The question involved in that case was one of whether an exaction provided on unpaid taxes was barred by a state statute of limitations against penalties owing the state. The company had not paid its annual tax and had become subject to the statutory exactions.[32] The state did not forfeit the charter but, instead, sued for the exaction. The defendant demurred, con-

---

31. 1914, 58 Colo. 86, 143 P. 837.

32. The statute provided:
"'It shall be the duty of the state auditor within thirty days after the first day of every May, to notify in writing all such corporations as have forfeited their charters or their rights to do business within the state of Colorado, under the provisions of the foregoing sections, and any such corporation which shall, at any time after such notice pay to the auditor the tax payable on or before the first day of May of that year and ten per cent. of said tax in addition thereto, for every six months or fractional part of six months, from the date of said notice, shall thereupon be relieved from the forfeiture of its charter or right to do business within the said state, by reason of such failure.'" 143 P. at page 841.

.tending the claim was barred under the one year statute of limitations on penalties.[33]

The court upheld the state's action and denied defendant's contentions by stating:

"It is enough to say that penalties that are added to taxes as damages or interest on account of nonpayment are not such penalties as are contemplated by this section." [34]

In holding the exaction to be damages or interest which are not so specified in the statute imposing the exaction, this case appears to be an exception and overruled by the great weight of authority in most states of the Union. However, it is otherwise clearly distinguishable and not controlling on the issues in this case. There the limitation statute provides:

" 'actions * * * for any penalty or forfeiture *of any penal statute* * * shall be commenced within one year next after the *offense is committed* and not after that time.' " (Emphasis added.) [35]

This statute by its terms refers to actions based on penal statutes. It uses the word "offense". This is a limitation statute on criminal penalties. Our statute provides:

"Within two years—

* * * * * *

"Second. An action upon a statute for a forfeiture or penalty to the United States or the Territory of Alaska." [36]

Our statute deals with civil penalties. It is in the part of the code which deals with civil procedure. The other two sections of this statute refer to civil actions. It is clear and unambiguous. Limitation statutes on crimes are governed by section 66–2–1 A.C.L.A.1949, which provides limitations on the criminal actions.

The Alaska Property Tax Act must be construed as imposing both criminal and civil penalties. The criminal offenses are set out in sections 36 through 40, with section 39 providing the punishment to be levied upon conviction for the violations.

Section 2($l$) provides the tax lien embraces liens for penalties, interest and costs as well as unpaid taxes. This obviously refers to the penalty provision of section 35(a).

The provisions of section 32 subjecting the property assessed to "interest and penalty" additions hereafter provided, must refer to section 35(a) as it is the only section imposing "interest and penalty" exactions. Nothing else could be intended but civil penalties. The limitations statute invoked here would have no meaning unless it applied to just such civil penalties as are imposed by section 35 of the Alaska Property Tax Act.

The taxes for all years were due February 1, 1953. The action was filed April 9, 1955, after more than two years expired. Collection of the exaction is barred by the statute of limitations. The judgment is affirmed.

33. " 'All actions and suits, for any penalty or forfeiture of any penal statute brought by this state, * * * shall be commenced within one year next after the offense is committed and not after that time.' " 143 P. at page 840.

34. Ibid.

35. Ibid.

36. Sec. 55–2–7 A.C.L.A.1949.