ALASCOM, INC., Appellant and
Cross-Appellee,

v.

NORTH SLOPE BOROUGH, BOARD OF
EQUALIZATION, Appellee and
Cross-Appellant.

Nos. 6037, 6090.

Supreme Court of Alaska.

Feb. 18, 1983.

Mary K. Hughes, Steven S. Tervooren, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellant/cross-appellee.

Charles K. Cranston, Cranston, Walters & Dahl, Anchorage, for appellee/cross-appellant.

Before BURKE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

RABINOWITZ, Justice.

## I. FACTS

This appeal involves a property tax dispute between Alascom, Inc. (Alascom) and the North Slope Borough (Borough). In 1979, the Borough audited Alacom's books and determined that a substantial amount of real and personal property owned by Alascom had not been taxed in fiscal years 1974 through 1979.[1] Based upon this audit, the Borough demanded additional property taxes of approximately a quarter-million dollars, plus interest and penalties.[2] Alascom paid the demanded sums under protest and appealed the assessment to the Borough's Board of Equalization, contending that the Borough did not have authority to levy taxes for prior years. The Board rejected Alascom's claim, and its ruling was affirmed by the superior court. For the reasons set forth below we conclude that the superior court's holding regarding Alascom's tax liability should be affirmed. However, we reverse that portion of the judgment awarding the Borough interest and penalties on the tardily-assessed real property taxes.

## II. THE BOROUGH'S POWER TO TAX ESCAPED PROPERTY

The threshold question in this case is when the Borough may assess and tax property that should have been, but was not, taxed in prior years. The state statutes and Borough ordinances governing property taxation[3] recognize that property will occasionally escape taxation and require the Borough to prepare a supplemental assessment roll including the escaped property.[4] The statutes and ordinances do not, however, provide a clear answer to the question that is of importance here: when, if ever, does the Borough's power to assess and tax escaped property expire?

Alascom's first point is that a supplemental assessment roll for omitted property

---

1. The record does not reveal why this property was not timely assessed and taxed.

   As a result of this shortcoming in the record we address in this opinion only the legal issue presented by the parties: whether, and when, the Borough may tax omitted property. Our ruling in this case should not, however, be construed to mean that a different result would not follow in a case in which the taxpayer adequately explains why his property was not timely taxed and thus meets his burden of proving that he is entitled to relief.

2. The Borough demanded the following amounts from Alascom:

| Year | Taxes | Interest | Penalties |
|---|---|---|---|
| 1979 | $ 83,041.32 | $ 2,657.32 | $ 8,304.13 |
| 1978 | 49,602.06 | 5,555.44 | 4,960.21 |
| 1977 | 46,492.00 | 8,926.47 | 4,649.20 |
| 1976 | 38,630.67 | 10,507.54 | 3,863.07 |
| 1975 | 29,098.71 | 10,249.15 | 2,909.88 |
| 1974 | 5,576.17 | 2,410.13 | 557.62 |
| Total | $252,440.93 | $40,306.05 | $25,244.11 |

3. AS 29.53.010–.410; North Slope Borough ["NSB"] Code 3.20.100, 3.28.010–.390, 3.40.040.

4. AS 29.53.150; NSB Code 3.28.230.

   Alascom argues that escape assessments are permissible only if the legislature has enacted an "escaped property" statute specifically authorizing tardy taxation. See, e.g., Cal.Rev. & Tax.Code § 531 (West Supp.1982) ("If any property belonging on the local roll has escaped assessment, the assessor shall assess the property on discovery .... It shall be subject to the tax rate in effect in the year of its escape ...."). We agree that Alaska's property tax statutes are less than clear on the question of the Borough's power to make escape assessments and that both taxpayers and taxing authorities would benefit from a more definite statement from the legislature of its intent regarding escape assessments. Nonetheless, we believe that the legislature's requirement that the Borough prepare a supplemental assessment roll for "property omitted from the [original] assessment roll," AS 29.53.150, is adequate authorization for the Borough to assess and tax escaped property.

must be prepared annually because AS 29.-53.150 requires that a supplemental roll be prepared "using the procedures ... for the original roll" and AS 29.53.100(a) requires that an original roll be prepared annually. Alascom argues that the Borough's failure to include property on a supplemental roll during a given fiscal year precludes later inclusion of that property on a supplemental roll.

■ In preparing a supplemental assessment roll, however, the Borough will never be able to comply with all of the "procedures ... for the original roll." Literal compliance would require that the Borough follow the time-table for preparation of the original roll. If compliance with this timetable were required, there would be no occasion to prepare a supplemental roll and the statutory requirement of a supplemental roll would be rendered superfluous. In order to avoid rendering that requirement irrelevant,[5] we construe the statutory language requiring adherence to the "procedures ... for the original roll" as addressing the manner in which the Borough must

apprise a taxpayer of his tax liability[6] and the procedures for review of an assessment[7] rather than as addressing the time as of which a supplemental assessment roll must be prepared.[8]

■ Alascom's second argument is that the principle of finality announced in *Anchorage Independent School District v. Stephens,* 370 P.2d 531 (Alaska 1962) prevents the Borough from demanding prior years' taxes. We disagree.

In *Stephens* we ruled that a taxing authority may not reassess a parcel after giving the taxpayer notice of the assessed value and accepting payment of taxes.[9] In the case at hand, however, we are dealing not with an attempt to revalue retroactively property that has already been taxed, but with an attempt to tax for the first time property that has escaped taxation entirely. Although our ruling in *Stephens* would prevent the Borough from retroactively raising the assessed value of a parcel or an item, that ruling has no applicability in a case in

5. "A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant ...." 2A C. Sands, Statutes & Statutory Construction § 46.06 (4th ed. 1973). *See Libby v. City of Dillingham,* 612 P.2d 33, 39 (Alaska 1980).

For this reason we also reject Alascom's argument that a tardy assessment is an attack on the validity of the original assessment roll and thus is proscribed by AS 29.53.200, which provides that "[c]ertified assessment and tax rolls are valid and binding on all persons, notwithstanding any defect, error, omission or invalidity in the assessment rolls or proceedings pertaining to the assessment roll." Were an original assessment conclusive for all purposes there would, again, be no occasion to prepare a supplemental roll and the requirement of a supplemental roll would be superflous. In our view, AS 29.53.200 is designed to prevent wholesale invalidation of a year's taxes because of errors or omissions affecting only one taxpayer, *see Valentine v. City of Juneau,* 36 F.2d 904, 906 (9th Cir.1929), and not to render irrelevant the requirement of a supplemental roll.

6. *E.g.,* AS 29.53.110.

7. AS 29.53.130, .140.

8. We note that in this case we are not faced with a situation in which the Borough has

failed to levy any taxes in a given year, *see City of Yakutat v. Ryman,* 654 P.2d 785 at 794 (1982), and thus the "substantial compliance" rule announced in *Ryman* is inapplicable. We wish to make clear, however, that our ruling in the case at hand is applicable only when the Borough has timely assessed taxes in a given year but has, for some reason, omitted an insignificant portion of the total taxable property from its assessment roll. Our ruling is not designed to permit the Borough to fail to levy any taxes in a timely manner and then to make a late assessment affecting all taxpayers under the guise of taxing omitted property.

9. [W]here the power to tax had been exercised by the District and concurred in by the taxpayer, a point of finality had been reached. The District no longer had the authority to go back and create an additional obligation for the taxpayer by increasing the assessed valuation of the property. This rule is reasonably required from the necessity of having a stable system of taxation prevail throughout the taxing area, and to avoid uncertainty as to a taxpayer's financial obligations to the District and as to the status of his property with respect to tax liens.

*Anchorage Independent School District v. Stephens,* 370 P.2d at 533 (footnote omitted).

which the property in question escaped assessment and taxation.

## III. STATUTE OF LIMITATIONS

The next issues in dispute are whether any statute of limitations may be applied to supplemental assessments and, if so, whether the appropriate limitations period is two years [10] or six years.[11]

■ The Borough argues that application of any statute of limitations would contravene Article 9, section 1 of the Alaska Constitution, which provides:

The power of taxation shall never be surrendered. This power shall not be suspended or contracted away, except as provided in this article.

The Borough's position is that applying a statute of limitations to tax assessments and collections would constitute an unconstitutional surrender or suspension of the taxing power. We believe that the response to the Borough's contention is provided by Article 9, section 4, of the Alaska Constitution, the provision addressing exemptions from taxation.[12] After setting forth specific exemptions this provision states that "[o]ther exemptions of like *or different* kind may be granted by general law" (emphasis supplied). In our view this constitutional grant of power to except encompasses the power to require that taxes be assessed and collected within a certain period of time or be forever barred.

■ Alascom argues that the two-year statute of limitations applicable to liabilities created by statute, AS 09.10.070(3), should

be applied to the Borough's efforts to levy past years' taxes. The superior court ruled, however, that the six-year statute of limitations governing actions by political subdivisions, AS 09.10.120, is instead applicable. Our review of the history of the six-year statute has convinced us that that statute was intended to apply.

■ Prior to 1962, the statute of limitations governing actions by political subdivisions provided:

The limitations prescribed in this article shall apply to actions brought in the name of any public corporation in the Territory, or for its benefit, in the same manner as to actions by private parties.

Alaska Comp.Laws Ann. § 55–2–12 (1949). Under this provision the appropriate statute of limitations was determined in the same manner as statutes of limitations applicable to private parties—by the nature of the underlying claim. In 1962, the legislature repealed this provision and substituted in its place AS 09.10.120. This 1962 version deletes any reference to actions by private parties, thus substituting an across-the-board six-year statute of limitations for the earlier rule that the limitations period would be determined by the nature of the claim. In our view, the 1962 amendment evinces a legislative intent that a general six-year statute of limitations applies when a borough pursues a claim, regardless of the nature of the claim. Thus, we hold that the six-year statute of limitations applies in this case.[13]

---

**10.** AS 09.10.070(3) ("liability created by statute").

**11.** AS 09.10.120 ("action brought in the name of ... [a] political subdivision").

**12.** Article 9, section 4 states:

The real and personal property of the State or its political subdivisions shall be exempt from taxation under conditions and exceptions which may be provided by law. All, or any portion of, property used exclusively for non-profit religious, charitable, cemetery, or educational purposes, as defined by law, shall be exempt from taxation. Other exemptions of like or different kind may be granted by general law. All valid existing

exemptions shall be retained until otherwise provided by law.

**13.** Although we have previously suggested that an action to collect interest and penalties on past-due taxes is an action for a "forfeiture or penalty" and thus is governed by AS 09.10.-070(2), *see State v. Baker*, 393 P.2d 893, 901 (Alaska 1964), *State v. American Can Co.*, 362 P.2d 291, 297–98 (Alaska 1961), we conclude that the 1962 amendment to the statute of limitations governing actions by political subdivisions plainly indicates the legislature's intent that a six-year statute of limitations apply without regard to the nature of the claim, and thus we hold that the longer statute of limitations applies to assessments of interest and

## IV. INTEREST AND PENALTIES

▮ The final issue before us is whether the Borough may demand interest[14] and penalties[15] on the tardily-assessed taxes.[16] In answering this question, we believe it is necessary to distinguish between real property taxes and personal property taxes.

▮ As to real property the responsibility for assessing taxable parcels and for notifying a taxpayer of his tax liability rests solely with the borough. As we have previously ruled, a tax on real property is ineffective until the borough discharges its responsibilities by making an assessment, notifying the taxpayer of his liability, and providing the taxpayer with an opportunity to pay his taxes.[17] Until the borough has exercised its right to demand real property taxes in the manner provided by statute there can be no valid tax and hence no delinquency within the meaning of AS 29.-53.180, which authorizes penalties and interest on delinquent taxes.

▮ As to personal property taxes, however, the taxpayer participates in the taxing process by furnishing the borough with a personal property tax return listing his taxable property.[18] When a taxpayer underreports his holdings, the borough will have no reason to assess the omitted property until its independent investigation reveals the taxpayer's omission. This kind of situation is governed by our ruling in *Hickel v. Stevenson*, 416 P.2d 236, 239 (Alaska 1966), where we held that, for purposes of assessing interest, a taxpayer's income tax is delinquent on the date that his income should have been reported and his tax paid rather than when the deficiency was later discovered and the additional tax demanded.[19]

## V. CONCLUSION

In sum, we hold that all of the taxes demanded by the Borough are within the relevant statute of limitations and thus Alascom is liable for those taxes. The case is, however, REVERSED IN PART and REMANDED with instructions that interest and penalties paid by Alascom on real property taxes be refunded with interest at the statutory rate.[20]

CONNOR, J., not participating.

COMPTON, Justice, dissenting.

I dissent. I disagree with the court's holding that a borough may prepare a supplemental assessment roll after the final assessment roll for the fiscal year has been certified. AS 29.53.200 specifically states: *"Certified assessment and tax rolls are valid and binding on all persons, notwithstanding any defect, error, omission or invalidity in the assessment rolls or proceedings pertaining to the assessment roll."* (Emphasis added.) I believe the clear meaning of this statute is that errors or omissions in the assessment roll cannot be corrected, at the request of either the taxpayer or the borough, after the final assessment roll is certified. AS 29.53.140 specifies that the final

penalties as well as to the underlying tax obligations.

**14.** AS 29.53.180.

**15.** *Id.*

**16.** Although the Borough argues that we should decline to address this issue because it was not raised in the superior court, our review of the record reveals that Alascom raised the issue both at oral argument in the superior court and on motion for reconsideration. The issue has been adequately preserved for review by this court.

**17.** *See, e.g., Stephens v. Rogers Construction Co.*, 411 P.2d 205, 207 (Alaska 1966).

**18.** AS 29.53.070.

**19.** Our ruling in *Hickel* addressed only the question of interest, but we believe that ruling is equally applicable to penalties for late payment.

Although we have indicated that it may be appropriate to waive statutory penalties in some situations, *see North Slope Borough v. Sohio Petroleum Corp.*, 585 P.2d 534, 546 (Alaska 1978), in this case Alascom has failed to explain why its property was underreported and thus has failed to meet its burden of demonstrating that a waiver of statutory penalties is appropriate.

**20.** AS 29.53.390.

assessment roll shall be certified by June 1 of the fiscal year.

The court rejects this interpretation because it believes that it would render "superfluous" AS 29.53.150, which permits the preparation of a supplementary assessment roll "to include property omitted from the assessment roll." I believe, to the contrary, that AS 29.53.150 would not be rendered superfluous by my interpretation, and furthermore that the court's interpretation improperly renders AS 29.53.200 "insignificant." 2A C. Sands, Statutes & Statutory Construction § 46.06 (4th ed. 1973), *quoted in* majority opinion at 1178 n. 5. In my opinion, the supplementary assessment rolls authorized by AS 29.53.150 may be and should be prepared by the assessor to include property omitted from the initial assessment roll, but this must be done before the "final assessment roll" is certified by the assessor. This interpretation is more consonant with the statutory scheme because both AS 29.53.150 and AS 29.53.200 are thereby rendered meaningful. Under the court's interpretation, the only meaning to be given to AS 29.53.200 is that a fiscal year's taxes cannot be entirely invalidated merely because of errors or omissions affecting only one taxpayer. At 1178 n. 5. This, I believe, overlooks the precise wording of the statute. It states, "Certified assessment and tax rolls are valid and binding *on all persons* . . . ." It does not state, as the majority suggests, that certified assessment and tax rolls are valid and binding on all persons "except the taxpayer as to whom an error or omission has been made." If the legislature had intended this interpretation, it could have written the statute in this fashion.

Similarly, if the legislature intended to permit taxation of property that was omitted from the assessment roll after the time at which the assessment roll is certified, the legislature could have specifically stated this in AS 29.53.150. A clear model for this type of statute is provided by section 531 of the California Revenue & Taxation Code, which states: "If any property belonging on the local roll has escaped assessment, the assessor shall assess the property on dis-covery . . . . It shall be subject to the tax rate in effect in the year of its escape . . . ." Cal.Rev. & Tax.Code § 531 (West Supp.1982). In view of the policy considerations favoring the finality of tax liability within a reasonable time period, *see, e.g., Anchorage Independent School District v. Stephens,* 370 P.2d 531 (Alaska 1962), I do not believe it is appropriate to strain for implications permitting the taxation of omitted property years after the assessment roll has been certified when the legislature could so easily have drafted the statute to clearly state this if it is what was intended.

I further note that AS 29.53.090 imposes criminal liability on a taxpayer who knowingly fails to disclose accurate information to the assessor as to his property. The statute provides:

A person who fails to file a statement required by ordinance or who knowingly makes a false affidavit to a statement required by a tax ordinance relative to the amount, location, kind or value of property subject to taxation with intent to evade the taxation, is guilty of a misdemeanor. Upon conviction, he is punishable by a fine of not more than $500, or by imprisonment for not more than 30 days, or by both, together with costs of prosecution.

AS 12.55.045 permits the court to order restitution upon conviction of an offense, which obviously includes the offense set forth in AS 29.53.090. Thus, the borough may recover the taxes for property omitted from the certified tax rolls (plus penalties and interest) as restitution in a criminal action against the taxpayer if the taxpayer is shown to have falsified his return in order to evade the taxation. If, however, the omission of the property from the assessment rolls is not due to the wilful misconduct of the taxpayer, I believe the statutory scheme set forth in AS 29.53.010–.460 precludes the borough from seeking additional taxes from the taxpayer after the final assessment roll for the fiscal year has been certified. I would therefore reverse the judgment of the superior court.