Mildred L. **CHEW,** Irvin H. Jones, Ivan H. Jones, and George E. Jones, Plaintiffs-Appellants,

v.

**BOARD OF ASSESSMENT APPEALS, CITY AND COUNTY OF DENVER, The Board of County Commissioners of the City and County of Denver, and The Assessor of the City and County of Denver, Defendants-Appellees.**

No. 83CA0025.

Colorado Court of Appeals, Div. I.

Nov. 23, 1983.

S. Morris Lubow, Robert E. Allen, Denver, for plaintiffs-appellants.

Max P. Zall, Denver City Atty., Robert F. Strenski, Deputy City Atty., Denver, for defendant-appellee City and County of Denver and its Bd. of County Com'rs and Assessors.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Billy J. Shuman, Asst. Atty. Gen., Denver, for defendant-appellee Bd. of Assessment Appeals.

PIERCE, Judge.

In this action challenging retroactive assessment of property taxes on real property omitted from the assessment rolls, plaintiffs, Mildred L. Chew, Irvin H. Jones, Ivan H. Jones, and George E. Jones (Chew), appeal the order entered by the district court which affirmed the ruling of defendant Board of Assessment Appeals (Board). We affirm.

Chew owns real property located in Denver upon which they erected improvements in 1972. After completion of the new construction, Chew received notices of assessment and levies of taxes on the land which were paid in a timely fashion for the tax years 1973 through 1980. In April 1981, however, Chew received notice that the assessed valuation of the property in question had been increased by the assessor, retroactively, for the tax years 1973 through 1980, for the "value of improvements" located on the land.

Chew appealed to the Board and, thereafter, sought review in the district court of the Board's ruling that the assessor had the authority to assess taxes retroactively on property previously omitted from the assessment rolls. The district court affirmed the Board's ruling, as to the validity of the assessments, but limited collection to the years 1975 through 1980 because the applicable statute of limitations barred assessment of taxes on the omitted property for the tax years 1973 and 1974. *See* § 39–10–101(2)(b), C.R.S.1973.

The sole issue presented for our review is whether the district court erred when it affirmed the Board's ruling in part.

Section 39–5–125(1), C.R.S.1973, reads in pertinent part:

"Whenever it is discovered that any taxable property has been omitted from the assessment roll of any year or series of years, the assessor shall immediately determine the value of such omitted property and shall list the same on the assessment roll of the year in which the discovery was made and shall notify the treasurer of any unpaid taxes on such property for prior years."

This statute is unambiguous and controls our determination that the trial court's order was correct. *See San Luis Power & Water Co. v. Trujillo,* 93 Colo. 385, 26 P.2d 537 (1933); *Aggers v. People ex rel. Town of Montclair,* 20 Colo. 348, 38 P. 386 (1894).

Chew also asserts various arguments which involve matters raised here for the first time. Because these issues have not been properly preserved for review by being presented first below, we are without jurisdiction to consider them here. *People ex rel. Hallett v. Board of County Commissioners,* 27 Colo. 86, 59 P. 733 (1899).

Accordingly, the order of the district court is affirmed.

BERMAN and METZGER, JJ., concur.