MUNICIPALITY OF ANCHORAGE, Appellant,

v.

ALASKA DISTRIBUTORS CO., a Foreign Corporation, Appellee.

No. S-1047.

Supreme Court of Alaska.

Sept. 19, 1986.

Margaret J. Rawitz, Asst. Mun. Atty., Donald W. Edwards, Deputy Mun. Atty., and Jerry Wertzbaugher, Mun. Atty., Anchorage, for appellant.

Edward L. Miner, Law Offices of Vincent Vitale, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

RABINOWITZ, Chief Justice.

The parties dispute whether a municipality may retroactively tax a warehouse addition as "escaped property" when it timely assessed and taxed other improvements on the real property. We hold that the municipality may so tax the warehouse under the particular circumstances of this case.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellee Alaska Distributors Co. (ADCO) owns improved property in Anchorage. In 1979, ADCO built an addition worth just over $1 million to an existing warehouse located on the property. This addition doubled the warehouse floor space. Through an oversight, appellant Municipality of Anchorage did not include the value of the addition in tax assessments on improvements to the property for the four years from 1980–1983, inclusive.[1] ADCO did not advise the municipality of the omission of the warehouse addition for the four tax years in question.

In 1984, the municipality discovered its error and sent ADCO retroactive tax bills for 1980–83. ADCO paid the taxes under protest. Following an unsuccessful appeal to the Municipal Board of Equalization, ADCO filed an action in the superior court seeking a refund of the taxes it had paid under protest. The superior court entered summary judgment for ADCO, concluding that the principle of finality barred the municipality's attempt to collect back taxes. The municipality then brought this appeal.

1. The property assessments for the improvements are:

|  | Actual | Corrected | Increase |
|---|---|---|---|
| 1979 | 282,875 | 282,875 | –0– |
| 1980 | 332,500 | 1,348,893 | 1,016,393 |
| 1981 | 422,225 | 1,464,197 | 1,041,972 |
| 1982 | 420,625 | 1,525,286 | 1,114,661 |
| 1983 | 434,250 | 1,541,392 | 1,107,142 |

## RETROACTIVE TAXATION OF "ESCAPED PROPERTY"

The municipality argues that the warehouse addition is "escaped property" which may be retroactively assessed and taxed. ADCO contends that the doctrine of finality bars reassessment because the assessment roll shows that the improvements on the property were taxed and the tax paid. The superior court concluded that the municipality may not reassess improvements which were actually valued and taxed in prior years.

■ The municipal tax assessor assesses property at its "full and true value" as of the first day of the tax year. AS 29.45.-110(a).[2] The appraised value of land and improvements are stated separately on assessment notices. Anchorage Municipal Code 12.15.040(A) (hereinafter cited as "AMC").[3] The taxpayer must advise the assessor of any errors or omissions in the assessment, AS 29.45.180(a),[4] and property omitted from the assessment roll is included in the supplementary roll. AS 29.45.-220.[5] The six year statute of limitations for actions in the name of a political subdivision applies to the taxation of escaped properties. *Alascom v. North Slope Bor-ough,* 659 P.2d 1175, 1179 (Alaska 1983); AS 09.10.120.[6]

We have twice discussed retroactive assessment and taxation. In *Anchorage Independent School District v. Stephens,* 370 P.2d 531 (Alaska 1962), the value of improvements on the taxpayer's property was mistakenly assessed to neighboring land. When the assessor discovered the error, he reassessed the land for two previous tax years, but never notified or billed the taxpayer. Subsequent assessment notices failed to disclose any delinquency due to the retroactive reassessment. The taxpayer sold the property and the new owner paid taxes without knowledge of the asserted deficiency. A tax foreclosure sale occurred eight months after the transfer; the new owner discovered the tax sale over a year after it occurred. We invalidated the tax foreclosure sale because the assessor had no power to increase the assessed valuation once a point of finality was reached. *Id.* at 533. In that case, the point of finality occurred when the district exercised the power to tax and the taxpayer concurred by tendering payment. *Id.* at 532–33. The new owner was entitled to rely on subsequent assessment notices which did not disclose any delinquency. *Id.* at 532.

**2.** AS 29.45.110(a) provides in part:

The assessor shall assess property at its full and true value as of January 1 of the assessment year.... The full and true value is the estimated price that the property would bring in an open market and under the then prevailing market conditions in a sale between a willing seller and a willing buyer both conversant with the property and with prevailing general price levels. (Formerly AS 29.53.-060(a), repealed, ch. 74, § 88, SLA 1985, reenacted, ch. 74, § 12, SLA 1985, effective January 1, 1986)

**3.** AMC 12.15.040(A) provides in part:

Assessment notices for real property shall be sent ... each year and shall contain the account number, the legal description of the real estate, the appraised value of the land, the appraised value of the improvements, if any, and the total valuation.

It is not clear from the record whether land and improvements are listed separately on the assessment roll.

**4.** AS 29.45.180(a) provides:

A person receiving an assessment notice shall advise the assessor of errors or omissions in the assessment of the person's property. The assessor may correct errors or omissions in the roll before the board of equalization hearing. (Formerly AS 29.53.120(a), repealed, ch. 74, § 88, SLA 1985, reenacted, ch. 74, § 12, SLA 1985, effective January 1, 1986)

**5.** AS 29.45.220 provides:

The assessor shall include property omitted from the assessment roll on a supplementary roll, using the procedures set out in this chapter for the original roll. (Formerly AS 29.53.-150, repealed, ch. 74, § 88, SLA 1985, reenacted, ch. 74, § 12, SLA 1985, effective January 1, 1986)

**6.** AS 09.10.120 provides in part:

An action brought in the name of or for the benefit of ... any political subdivision ... may be commenced only within six years of the date of accrual of the cause of action. However, if the action is for relief on the ground of fraud, the limitation commences from the time of discovery by the aggrieved party of the facts constituting the fraud.

694

In *Alascom v. North Slope Borough,* 659 P.2d at 1177 n. 4, we concluded that former AS 29.53.150 [7] permitted a local taxing authority to assess and tax escaped property. We distinguished *Stephens,* explaining that that decision bars only retroactive revaluation of property already taxed, whereas the borough was attempting to value for the first time property which had escaped assessment and taxation entirely. *Id.* at 1178–79 & n. 9.

Neither decision answers the specific question presented here: whether an addition to real property is "escaped property" subject to retroactive assessment when other improvements on the land were assessed and taxed.

The courts in other jurisdictions are divided on this question. When *all* improvements on the land are omitted, some jurisdictions allow retroactive taxation. *Korash v. Mills,* 263 So.2d 579, 580–81 (Fla. 1972); *Mueller v. Mercer County,* 60 N.W.2d 678 (N.D.1953); *Chew v. Board of Assessment Appeals,* 673 P.2d 1028 (Colo. App.1983). These courts believe that the assessor is not attempting to correct an error in judgment resulting in undervaluation; rather, the assessor is assessing for the first time property which escaped assessment entirely. *Korash,* 263 So.2d at 581. However, other jurisdictions preclude later assessment, reasoning that the property as a unit consisting of the land and improvements has already been taxed. *Leyh v. Glass,* 508 P.2d 259, 262–63 (Okla. 1973); *In re Westward Look Development Corp.,* 138 Ariz. 88, 673 P.2d 26, 27–28 (Ariz.App.1983); *Board for Assessment and Revision of Taxes v. Philadelphia Electric Co.,* 10 Pa.Cmwlth. 382, 308 A.2d 627, 631–32 (1973). The omission of the improvements, therefore, constitutes an undervaluation of the tax on the entire property which cannot be reassessed. *Leyh,* 508 P.2d at 263; *Westward Look,* 673 P.2d at 28.

When only a portion of the improvements escapes, the courts are again split. Some jurisdictions allow retroactive assessment of property or improvements omitted in part. California originally adhered to the rule that escape provisions apply only when there has been no assessment of improvements at all. *Stafford v. Riverside County,* 155 Cal.App. 474, 318 P.2d 172, 174 (1957). In *Bauer-Schweitzer Malting Co. v. City and County of San Francisco,* 8 Cal.3d 942, 106 Cal.Rptr. 643, 506 P.2d 1019, 1022–23 (1973), the court disapproved *Stafford.* There the court permitted reassessment of personal property to correct favored treatment resulting from taxation at an impermissibly low assessment ratio. The court ruled that the use of the low ratio constituted an escape. *Id.* at 1022. Other jurisdictions preclude retroactive assessment when any part of the improvements is taxed. *Tradewell Stores, Inc. v. Snohomish County,* 69 Wash.2d 352, 418 P.2d 466, 467 (1966); *In re National Tube Co.,* 60 O.L.A. 49, 98 N.E.2d 78, 90 (Ohio Tax App.1950).

■ We conclude that here the municipality may assess the warehouse addition as escaped property even though it assessed and taxed other improvements on the land for the tax years in question. AS 29.45.220 unambiguously authorizes the tax assessor to include property omitted from the assessment roll on a supplementary roll. Under any reasonable definition of omission as used in AS 29.45.220, we conclude that the $1 million warehouse addition comes within the statute's ambit. As we stated in *Alascom:* "Although our ruling in *Stephens* would prevent the Borough from retroactively raising the assessed value of a parcel or an item, that ruling has no applicability in a case in which the property in question escaped assessment and taxation." 659 P.2d at 1178–79. Here the $1 million warehouse addition entirely escaped assessment and taxation for the four years in question. This is not

7. AS 29.53.150 has been repealed, ch. 74, § 88, SLA 1985, and reenacted as AS 29.45.220. Ch. 74, § 12, SLA 1985. See *supra,* note 5.

an instance where the municipality is attempting to raise retroactively the assessed value of either the land or an improvement.

AS 29.45.110(a) and AS 29.45.180(a) also support our holding. AS 29.45.110(a) requires the assessor to assess property at its full and true value. AS 29.45.180(a) requires the taxpayer who receives an assessment notice to advise the assessor of errors or omissions in the assessment of property. These statutes emphasize the legislature's policy of fairness to all taxpayers by insuring payment by each taxpayer of its fair share of taxes and by disallowing windfalls due to the tax assessor's errors.[8]

We REVERSE and REMAND for further proceedings consistent with this opinion.

8. ADCO should have been aware of the omission of the warehouse addition since the land is valued separately from any improvements on the land. *See* AMC 12.15.040(A).