Walter J. HICKEL and Ermalee Hickel,
husband and wife, Appellants,

v.

Robert D. STEVENSON, Commissioner of
Revenue, State of Alaska, Appellee.

No. 624.

Supreme Court of Alaska.

June 30, 1966.

F. M. Doogan, of Faulkner, Banfield, Boochever & Doogan, Juneau, for appellants.

Warren C. Colver, Atty. Gen. of Alaska, Michael M. Holmes, Deputy Atty. Gen., Juneau, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

The United States challenged the 1953 federal income tax return of appellants on the ground that ordinary income had been reported as long term capital gain. Within the period of limitation under the Internal Revenue Code pertaining to the assessment and collection of additional income taxes, the United States obtained from appellants written waivers tolling the applicable statute of limitation. An additional tax was then assessed and appellants sought relief in the United States Tax Court. The tax court action was settled on March 28, 1963, with appellants consenting to the entry of judgment for $26,235.04, which represented additional income taxes for 1953.

In 1953 the Alaska net income tax was computed by taking 10% of the total income tax payable for the same taxable year to the United States under the Internal Revenue Code upon all income from sources within Alaska, but without benefit of a deduction of the Alaska tax.[1] In 1963, after being notified by the federal government of the additional tax paid by appellants, appellee assessed against appellants an additional Alaska income tax for 1953 in the amount of $2,623.50, which was 10% of the additional federal tax paid by appellants for the same year. A decision affirming the additional assessment was made by appellee following an administrative hearing. Appellants then commenced this action to have that decision set aside. The superior court granted appellee's motion for summary judgment and entered an order affirming appellee's decision and allowing appellee to recover from appellants the sum of $2,623.50, together with interest at the rate of 6% per annum from March 15, 1954. Appellants then brought this appeal.

Appellants' first point is that the court erred in granting summary judgment because there were genuine issues of fact to be tried. The record does not disclose the existence of any such issues. Appellee filed an affidavit asserting that appellants were found to owe additional income taxes in the amount of $2,623.50, plus interest at the rate of 6% per annum from March 15, 1954, and that there were no setoffs or counterclaims against such amount. Appellants did not controvert that affidavit. They set forth no facts showing that the computation of the additional tax was incorrect or erroneous in any respect. In opposition to appellee's motion for summary judgment appellants did not serve "a concise 'statement of genuine issues' setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated", in accordance with Civil Rule 56(c).[2] Appellants did not sustain their burden of showing that they could produce admis-

---

1. SLA 1951, ch. 132, § 1.

2. Civ.R. 56(c) provides in part:

    The motion shall be served at least 10 days before the time fixed for the hearing, and may be supported by affidavits setting forth concise statements of material facts made upon personal knowledge. There must also be served and filed with each motion a memorandum showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The adverse party not later than two days prior to the hearing may serve opposing affidavits, a concise "statement of genuine issues" setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, and any other memorandum in opposition to the motion. * * *

sible evidence which would demonstrate to the court that a triable issue of fact existed.[3] Since there was no genuine issue as to any material fact, the entry of summary judgment was proper.[4]

The Alaska Net Income Tax Act provides:

The same period of limitation upon the assessment and collection of taxes imposed under this chapter and the same exceptions to it shall apply as provided under §§ 6501, 6502(a), and 6503(a) of the Internal Revenue Code of 1954.[5]

Section 6501(a) of the federal act in pertinent part provides:

(a) General rule.—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed * * *.[6]

Appellants contend that the additional assessment of income taxes for 1953 is barred by the foregoing statute of limitation because the assessment was not made by appellee until 1963, which was more than three years from the time of filing appellants' tax return in 1954.

We disagree with appellants. The Alaska act provides that the same period of limitation upon the assessment and collection of taxes and the same exceptions to it shall apply as provided under federal law. One of the exceptions to the three-year period of limitation under federal law is contained in 26 U.S.C.A. § 6501(c) (4) which provides:

(c) Exceptions.—

* * * * * *

(4) Extension by agreement.—Where, before the expiration of the time pre-

scribed in this section for the assessment of any tax imposed by this title * * * both the Secretary or his delegate and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. * * *

The foregoing exception was applicable as to appellants' federal income tax liability because of the waivers that the federal government secured from appellants which permitted the United States to assess additional taxes after the three-year period of limitation had expired. Such exception was also applicable as to appellants' Alaska income tax liability because of the incorporation by reference in the Alaska law of the provisions of the Internal Revenue Code. By reason of the express adoption of the provisions of the Internal Revenue Code relating to an exception to the three-year period of limitation, the effect of appellants' waiver of the federal period of limitation for assessment and collection of taxes was to effect a like waiver of such period as to the assessment and collection of the additional Alaska tax for 1953. This interpretation of AS 43.20.200(b) is in keeping with the basic scheme of the Alaska act, which was to make the state's claim for income taxes contingent upon the establishment of liability for federal income taxes. If the extension of the period for assessment under federal law did not effect a like extension under the Alaska statute, it would mean that any Alaska tax based on an additional assessment of federal tax after three years from the date of filing a return would not

3. Isler v. Jensen, 382 P.2d 901, 902 (Alaska 1963); Lowe v. Boggess, 375 P.2d 199, 200 (Alaska 1962).

4. Century Ins. Agency, Inc. v. City Commerce Corp., 396 P.2d 80, 82 (Alaska 1964); Ransom v. Haner, 362 P.2d 282, 289–290 (Alaska 1961).

5. AS 43.20.200(b) [§ 48–10–10(B) ACLA Cum.Sup. (1957); SLA 1949, ch. 115, § 10(B)].

6. Int.Rev.Code of 1954, § 6501(a), as amended, 72 Stat. 1313 (1958).

be collectible because of the three-year period of limitation, unless the state tax officials audited the taxpayer's federal returns within the three-year period to ascertain whether the federal computation of tax was correct. Such an interpretation would be contrary to the prime objective of the Alaska statute which was aimed at convenience to the taxpayer and simplicity of administration.[7]

In the judgment entered in appellee's favor the trial court allowed interest on the $2,623.50 additional tax assessed against appellants at the rate of 6% per annum from March 15, 1954. Appellants claim this was error on the ground that the rate of interest and the period for which it should be charged are not prescribed by statute.

There was no error. The Alaska Net Income Tax Act provides that "[i]n all cases of delinquency the legal rate of interest shall be assessed."[8] Even though the additional tax was not assessed until 1963, it represented appellants' income tax liability for 1953 and was due and owing when the 1953 return was due to be filed, on March 15, 1954.[9] When the tax was not paid by that date there was a case of delinquency within the meaning of AS 43.20.210 (c) which originated March 15, 1954 and will exist until the tax has been paid and which, under AS 43.20.210(c), calls for the imposition of the "legal rate of interest". What the legislature meant by "legal rate of interest" was interest at the rate of 6% a year.[10]

The judgment is affirmed.

---

7. Alaska S. S. Co. v. Mullaney, 180 F.2d 805, 816, 12 Alaska 594, 617 (9th Cir. 1950).

8. AS 43.20.210(c).

9. AS 43.20.030(c) provides in part:
   The total amount of tax imposed by this chapter is due and payable * * at the same time and in the same manner as the tax payable to the United States Collector of Internal Revenue * * *.
   Manning v. Seeley Tube & Box Co., 338 U.S. 561, 565–566, 70 S.Ct. 386, 388–389, 94 L.Ed. 346, 349–350 (1950).

10. State v. American Can Co., 362 P.2d 291, 296 (Alaska 1961).