**DEPARTMENT OF REVENUE, State of Alaska, Appellant,**

v.

**Samuel W. GIBSON and Jacquelyn Gibson on behalf of themselves and all others similarly situated, Appellees.**

**No. 2477.**

Supreme Court of Alaska.

Dec. 31, 1975.

Anthony D. M. Doyle, Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellant.

Brian J. Brundin and Bill Lawrence of Hughes, Thorsness, Lowe Gantz & Powell, Anchorage, for appellees.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

## OPINION

BOOCHEVER, Chief Justice.

The State of Alaska appeals from a judgment of the superior court which held that the limitation on the federal rate of tax on earned income of 50 percent specified by Sec. 1348(a) of the Internal Revenue Code enacted in 1969 was applicable in computing the Alaska income tax. The Alaska income tax, at the times here relevant, was based on a percentage of the federal tax as those rates existed in 1963.

Initially, the Gibsons paid their 1972 Alaska income tax utilizing the 50 percent maximum rate on earned income authorized by Sec. 1348(a) of the federal code. The tax was recalculated by the State Department of Revenue on the basis that the federal maximum rate on earned income was not available to the taxpayers for the purpose of computing the Alaska tax. A hearing was held, and a decision rendered confirming the Department's position. The Gibsons appealed to the superior court on behalf of themselves and all other similarly situated taxpayers.[1] The superior court's decision reversed the administrative determination of the Alaska Department of Revenue that the taxpayers, the Gibsons, were not entitled to use the 50 percent maximum rate.

We are thus confronted with an involved question of statutory interpretation pertaining to both the Alaska and federal income tax laws, neither of which is a model of clarity. To place the issues in proper perspective, it is necessary to review briefly the history of the Alaska income tax act. As the culmination of a political battle of many years duration, the Alaska territorial legislature enacted an income tax law in 1949.[2] The Alaska tax was based on a percentage of the total income tax that would be payable for the same taxable year to the United States, and adopted by reference the provisions of the Internal Revenue Code then in effect or as thereafter might be amended. The new act withstood a challenge to its constitutionality. *Alaska Steamship Co. v. Mullaney*, 180 F. 2d 805, 12 Alaska 594 (9th Cir. 1950). It was hoped that the adoption by reference of the federal act would afford a simplified means of calculating the Alaska tax by utilization of federal laws and regulations. This method of determining the Alaska income tax worked reasonably well through various changes of the federal law, most of which involved increases in amounts of tax payable. In 1964, however, Congress changed direction and substantially reduced the tax rates for individuals and corporations. It was apparent that this reduction would have a substantial effect on Alaska's revenues, and, to remedy that problem, the 1965 Alaska legislature changed the Alaska law so as to tie the Alaska rates to the 1963 federal provisions. AS 43.20.010(a) was amended to read as follows:

There is levied and there shall be collected and paid for each taxable year upon the net income of every resident and nonresident individual and fiduciary that is required to make a return and pay a tax under the federal income tax law a tax equal to 16 percent of the total income tax that would be payable for the same taxable year to the United States *at the federal tax rates in effect on De-*

---

1. Certain certified public accountant firms joined as amici curiae but have not separately filed briefs on the appeal to the supreme court.

2. Chapter 115, SLA 1949. Enactment of an income tax was one of the principle objectives of then Governor Ernest Gruening's program which was bitterly contested, particularly by nonresident individuals and corporations deriving income from the then territory. *See* Ernest Gruening, *Many Battles*, 297–300, 332–35, 346–48, 352–53 (1973).

*cember 31, 1963, under the provisions of chapter 1 of subtitle A of the 1954 Internal Revenue Code,* Public Law 591, 83rd Congress, 2nd Session, as amended, upon all income derived from sources within the state. (emphasis added)

The general rule, originally enacted in 1949 and codified as AS 43.20.300(a), provides that:

> The provisions of the Internal Revenue Code as now in effect or hereafter amended mentioned in this chapter are incorporated in this chapter by reference and have effect as though fully set out in this chapter.

Thus, unless a change in the Internal Revenue Code affected the "federal tax rates in effect on December 31, 1963, under the provisions of chapter 1 of subtitle A of the 1954 Internal Revenue Code", it would become incorporated in the Alaska law. For example, a change in the amount allowed for exemptions was considered by the Alaska Department of Revenue not to be a change in the tax rates and thus became applicable in computing the Alaska tax.[3]

■ In 1969, Congress enacted a federal tax reform act which, among other changes, provided that for taxable years beginning in 1971, the maximum rate of tax on earned income of individuals would be 60 percent, and for taxable years thereafter, the maximum would be 50 percent [sec. 1348(a), Internal Revenue Code 1954 as amended].[4] We are confronted with the specific question as to whether this provision limiting the maximum rate of tax constitutes a change in the federal tax rates in effect on December 31, 1963 under the provisions of chapter 1 of subtitle A of the Internal Revenue Code, in which event the federal amendment would not apply to Alaska because of the 1965 act freezing the Alaska tax rates at the 1963 federal rates. If, on the other hand, the 1969 federal enactment of Sec. 1348(a) is not a change in federal tax rates, it would be incorporated in the Alaska law. We hold that Sec. 1348(a) does constitute a change in the federal tax rates in effect on December 31, 1963 under the provisions of chapter 1, subtitle A. Sec. 1348 is a portion of subchapter Q of chapter 1 of subtitle A. It, therefore, is a portion of chapter 1 of subtitle A referred to in AS 43.20.010(a). Since Sec. 1348(b) specifically applies to the tax rate on earned income by limiting that rate to 50 percent, it alters the 1963 federal tax rate, which has no such limitation and provides for a maximum tax of 91 percent.

Although it seems obvious to us that the 1969 federal law, Sec. 1348(a) affected the federal tax rates in effect on December 31, 1963, that conclusion is further bolstered by the history of the 1969 federal enactment. As pointed out in the Alaska Department of Revenue decision, the House Report on the Tax Reform Act of 1969 provides:

> Subsection (a) of section 802 [804] of the bill adds a new section 1348 to part

---

3. *See* Alaska Tax Booklet for 1974. *Compare* 26 U.S.C. § 151, "Allowance of deductions for personal exemptions".

4. 26 U.S.C. Sec. 1348(a) reads:
*Fifty-percent maximum rate on earned income*
    (a) *General rule.*—If for any taxable year an individual has earned taxable income which exceeds the amount of taxable income specified in paragraph (1), the tax imposed by section 1 for such year shall, unless the taxpayer chooses the benefits of part I (relating to income averaging), be the sum of—
    (1) the tax imposed by section 1 on the lowest amount of taxable income on which

the rate of tax under section 1 exceeds 50 percent,
    (2) 50 percent of the amount by which his earned taxable income exceeds the lowest amount of taxable income on which the rate of tax under section 1 exceeds 50 percent, and
    (3) the excess of the tax computed under section 1 without regard to this section over the tax so computed with reference solely to his earned taxable income.
In applying this subsection to a taxable year beginning after December 31, 1970, and before January 1, 1972, "60 percent" shall be substituted for "50 percent" each place it appears in paragraphs (1) and (2).

VI of subchapter Q of Chapter 1 of the Code (relating to other limitations). In general, the new section 1348 provides a 50 percent limitation, under certain circumstances, *on the rate of tax applicable in computing tax in respect of earned taxable income.* (Ways and Means Committee, Tax Reform Act of 1969, H. R. Rep No. 91–413, 91st Cong., 1st Sess A–379 (1969)) (emphasis added)

Moreover, Sec. 1348 has been so construed by United States Treasury Regulation Sec. 121–1(h) which provides in part:

> The addition to the code of section 1348 (relating to 50 percent maximum rate on earned income) is a change in rate to which section 21(a) is applicable.

■ In fact, the Gibsons, in their brief submitted to this court, recognized that literally the Alaska act must be so construed. Their convoluted argument involving a study of the history of the 1965 Alaska amendment particularly relates to a prior attempt to meet the same problem by a 1964 act.[5] In their brief, they state:

> From viewing both enactments by the Legislature it must be concluded that the words "chapter 1 of subtitle A" in both

the 1964 and 1965 Acts in fact are meant to mean "subchapter A of chapter 1 of subtitle A."

They therefore argue that the legislature did not intend to tie the 1963 rates to all of chapter 1 of subtitle A. Chapter 1 of subtitle A itself includes numerous subchapters designated as subchapters A through T. If these subchapters are included, then the portion of the code providing for the 50 percent maximum tax on earned income, which is found in subchapter Q of chapter 1 of subtitle A, falls squarely within the provisions of AS 43.20.010(a). The Gibsons would have us limit the legislative enactment which included all of chapter 1 of subtitle A to only one subchapter of subtitle A, subchapter A. We are unable to discern valid reasons for so altering the plain language of the section.

We conclude that the provisions of Sec. 1348 of the Internal Revenue Code limiting the maximum rate of tax on earned income is not applicable in computing the amount of tax payable under the Alaska income tax law.[6]

The judgment of the superior court to the contrary is reversed.

---

5. The Gibsons argue that the Alaska legislature first attempted to combat the reduction in federal tax rates by enacting chapter 10 of SLA 1964. Under the 1964 act, AS 43.20.010(a) provided for an Alaska schedule of rates to be applied to taxable income as determined by the Internal Revenue Code. The schedule of rates specifically enacted was thus, in effect, a substitute for the federal rate schedule contained in subchapter A of subtitle A, chapter 1 of the federal code. In 1965, the Alaska legislature repealed and re-enacted AS 43.20.010(a), eliminating the special Alaska schedule of rates and substituting the language set forth at page 852 of this opinion referring to the federal rates in effect on December 31, 1963 under chapter 1 of subtitle A, Internal Revenue Code. The Gibsons contend that the 1965 act was in-

tended to substitute the rates contained in subchapter A of chapter 1 of subtitle A for the Alaska schedule previously enacted, and that it was not intended to freeze rates contained in other subchapters of chapter 1 of subtitle A. The Gibsons endeavor to bolster their contention by various policy arguments which we shall not endeavor to summarize since we do not find them to be convincing.

6. The Alaska legislature enacted an income tax act in 1975 specifying varying taxable rates on taxable income rather than basing the Alaska tax on a percentage of the federal rates of 1963. Chapter 70, SLA 1975. This act repealed AS 43.20.010. Thus, the problem confronted by this appeal does not arise under the present law.